## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICAL CIRCUIT
## DUPAGE COUNTY, WHEATON, ILLINOIS

DiTommaso Lubin, PC,                    )
                                        )
                                        )
           Plaintiff,                   )
                                        )     Case No. 08-CH-2378
           v.                           )
                                        )
Brian C. Witter, et al,                 )
                                        )
                                        )
           Defendants.                  )
                                        )

### NOTICE OF FILING

***PLEASE TAKE NOTICE*** that on August 26, 2008 we filed with the Clerk of the DuPage County Judicial Center, 505 North County Farm, Wheaton, Illinois, the attached ***Notice of Removal*** to the United States District Court for the Northern District of Illinois**,** Eastern Division, Case No. 08-CV-4825, currently assigned to the Honorable Rebecca Pallmeyer, a copy of which is hereby served upon you.



Brian C. Witter, et al.

By: _____
        **One of his Attorneys**

Brian C. Witter PC
111 West Jackson Blvd.
Suite 1100
Chicago, IL 60604
312.961.4942
Attorney No. 231552

## CERTIFICATE OF SERVICE

Brian C. Witter, the undersigned attorney, hereby certifies that on Wednesday, August, 2008, he served the foregoing *Notice of Removal* upon the following individual, via facsimile and United States Mail, First Class:


**Joseph M. Laraia**
**Laraia & Hubbard, P.C.**
**1761 S. Naperville Road, Suite 203**
**Wheaton, Illinois 60187**
**Tel. (630) 690-6800**
**Fax. (630) 690-0196**


_____
Brian C. Witter

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DiTommaso Lubin, PC,                              )
                                                  )
    Plaintiff,                 )
                                                  )   Case No.  08-cv-4825
    v.                         )
                                                  )   Judge Gallagy
Brian C. Witter and Law Offices of                )
Brian C. Witter, PC,                              )
                                                  )
    Defendants.                )
                                                  )

### NOTICE OF REMOVAL

Defendants, pursuant to 28 U.S.C. § 1441, *et seq.*, hereby give notice of their desire to exercise their rights to remove the above-entitled action from the Court of the Eighteenth Judicial Circuit, DuPage County, Wheaton, Illinois, Case No. 08-CH-2378. In support of their Notice of Removal, defendants state as follows:

### 1. Original Jurisdiction in the District Courts.

1.      This is an action that stems from a final federal court judgment entered in the United States District Court for the Eastern District of New York on June 24, 2008 by the Honorable Frederic Block in the matter of ***Eckhaus v. Nature's Pillows, et al., 06-CV-985.***

2.      The New York federal court explicitly retained jurisdiction to enforce the settlement and the June 24, 2008 judgment; original jurisdiction in the federal courts therefore not only exists but is ongoing. *See, e.g., **City of Chicago v. International College of Surgeons, 522 US 156, 163 (1997) ("the propriety of removal depends on whether the case could have been originally filed in a federal court.")***

3.      The Eckhaus matter, a Rule 23 consumer class action, was brought pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d), and so is also expressly governed by federal statutory law.

4.      On August 19, 2008, pursuant to 28 U.S.C. § 1963, a certified copy of the New York judgment was registered with the Clerk of the United States District Court for the Northern District of Illinois. The registered judgment may now be given the same force and effect as the original judgment and enforced accordingly in the Northern District of Illinois. ("A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.") 28 U.S.C. § 1963.

5.      The parties in the state court action are judgment creditors with respect to the June 24, 2008 New York judgment; and both reside in this District. The property in dispute, a $298,000 check for attorneys' fees, is also located within the boundaries of this District.

6.      The Registration Action is currently pending before the Honorable Amy J. St. Eve, Case. No.08-CV-4720. Judge St. Eve has "taken jurisdiction to determine jurisdiction" and requested briefing on the issues of: (1) the scope of the court's ancillary jurisdiction; and (2) the effect of the New York court's retention of jurisdiction to enforce the terms of the June 24, 2008 judgment.

## 2. Important Issues of Federal and Constitutional Law.

7.      The state court proceeding—in the form of a Petition for Preliminary Injunction—attempts to collaterally attack a final federal court judgment. The action was filed on July 28, 2008, thirty-four days after the New York judgment became final on the merits for appellate and claim preclusion purposes, and four days after any opportunity for appellate review had elapsed.

8.     An Article III Court entered a final and appealable Rule 54(a) judgment. The state court plaintiff then failed to seek post-judgment relief in the District Court or on appeal. Therefore, the federal judgment automatically precludes subsequent state court litigation due to the Supremacy Clause of Article VI of the United States Constitution.

9.     State courts are barred constitutionally from disregarding the judgments of federal courts. The state court action, on its face, invites an Illinois trial court to do just that: disregard and overrule a final federal court judgment by making a determination with respect to the distribution of the judgment proceeds. (A final judgment over which both the court of first instance in New York—and, it is submitted, an Illinois federal court—already have original jurisdiction.)

10.     Nor was there any express reservation of any claim—state court or otherwise—in the June 24, 2008 judgment which would allow plaintiff a good faith basis *to file any action* trying to alter, amend, modify, reconsider or appeal the New York judgment in any event. (*See* ***Restatement (Second) Judgments, § 26(1)(b); Wright, Miller, and Cooper, Federal Practice and Procedure, §4413.*****)

11.     The state court case, by collaterally attacking a final federal judgment, implicates the core of Article III judicial power and attempts to impede a federal tribunal from effectuating and enforcing a final decree. ***Kokkonen v. Guardian Life Insurance Co.,*** 511 US 375, 379 (1994) (ancillary jurisdiction permits district court. *inter alia,* "to vindicate its authority and effectuate its decrees.")

### 3. "After Acquired" Removal Jurisdiction.

12.     Plaintiff originally filed this action on June 23, 2008, raising strictly state court claims.

13.    On July 24, 2008, the thirty day appeal period on the New York judgment elapsed.

14.    On July 28, 2008, the state court plaintiff, having disregarded every relevant federal post-judgment procedural deadline, filed its injunction petition trying to appeal the federal judgment in a state court.

15.    The thirty day period for removal of this action therefore began to run when defendants had notice on July 28th that the collateral attack on the federal judgment was underway. The Notice of Removal is therefore timely. ***Knudsen v. Liberty Mutual Life Insurance Company***, 411 F3d 805, 807 (7th Cir 2005): ("[A]n amendment to the pleadings that adds a claim under federal law…opens a new window of removal.")

### 4. The Pleadings.

16.    The relevant state court pleadings, as required, are annexed hereto as exhibits: (A) ***Petition for Preliminary Injunction;*** (B) ***Defendants' § 2-619(a)(4) Motion to Dismiss as Barred by a Prior Federal Court Judgment, and for Other Relief.***

17.    Also attached as Exhibit C is the ***Emergency Motion to Enforce Judgment and for Other Relief,*** filed August 20, 2008 in the Registration Action pending before Judge St. Eve. (Attached as Exhibits D, E, and F are, respectively: a copy of the certified June 24, 2008 New York judgment; a copy of the $298,000 check made jointly and equally payable to the parties to the state court action; and the transmittal letter for the check made equally payable in satisfaction of the judgment proceeds.)

18.    Defendants are in accord that the state court action should be removed and so the rule of unanimity is satisfied.

19.     Defendants, as required, will immediately file this Notice of Removal with the Clerk of the Court of the Eighteenth Judicial Circuit, DuPage County, Wheaton, Illinois, so that the state court will cease all further proceedings in Case No. 08-CH-2378.

**WHEREFORE**, defendants request the following relief: (a) that the above-entitled action be removed from the Illinois State Court to the United States District Court for the Northern District of Illinois, Eastern Division; (b) that this case be consolidated as a related action with Case No. 08-CV-4720 before the Honorable Amy J. St. Eve; and (c) for such other and further relief as this Court may deem necessary and just.

**BRIAN C. WITTER**

**By:     /s/ Brian C. Witter**

**Dated: August 23, 2008**

Brian C. Witter,
**Law Offices of Brian C. Witter,**
111 West Jackson Boulevard
Suite 1100
Chicago, IL 60604
(312) 961-4942 (T)
(312) 386-9759 (F)

Attorney No. 6198156